(88 Misc. Rep. 369)

## In re COMPARETTO.

(Surrogate's Court, Bronx County. December, 1914.)

EXECUTORS AND ADMINISTRATORS (§ 24*)—RIGHT TO APPOINTMENT—PRIORITY—
ALIEN DECEDENT.

The right of a public administrator to letters of administration on the estate of an alien decedent leaving no surviving person competent to serve as administrator is prior to the right of the nation of which decedent was a subject.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 132–140; Dec. Dig. § 24.*]

In the matter of Salvatore Comparetto, deceased. Application for letters of administration on a deceased alien's estate. Application granted.

Ernest E. L. Hammer, of New York City, public administrator, for petitioner.

Daly, Hoyt & Mason, of New York City, for respondents.

SCHULZ, S. A brother joins with a creditor of the decedent, an alien, in praying that letters of administration issue to the public administrator of the county of Bronx. The consul general of Italy at New York appears by counsel and submits an answer, in which he requests a decree directing the issuance of such letters of administration to him. It is not disputed that the father of the decedent is the only person entitled to take or share in the personal property of the decedent, and that, if competent, he would be entitled to letters of administration (Code Civ. Proc. § 2588); but, being an alien and not an inhabitant of this state, he is not competent to serve (Id. § 2564).

I have at some length considered the question of the relative priority of the rights of a public administrator and of the consul general of Italy to letters of administration upon the goods, etc., of deceased resident Italian aliens in Matter of D'Agostino, 88 Misc. Rep. 371, 151 N. Y. Supp. 957. In Matter of D'Agostino the chief clerk of the Italian consul general had opposed the application of the public administrator and urged his own appointment; but in the determination of that controversy I did not consider the authority of the consul general of Italy to delegate his right to his chief clerk, because I reached the conclusion that the right of the public administrator was prior to the right of the consul general of Italy himself. In the matter now before me this question of priority is again directly presented, and without repeating the reasoning which leads me to the conclusions reached in Matter of D'Agostino, and which applies with equal force to the facts here presented, I hold that the right of the public administrator of the county of Bronx to letters of administration in this matter is prior to that of the consul general of Italy. It follows that the prayer contained in the answer of the consul general of Italy must be denied, and the application of the petitioner be granted.

Letters of administration will issue to the public administrator of the county of Bronx. No costs are imposed.

Ordered accordingly.